Ralph E. Cotter, Jr., and Mabel O. Cotter v. Commissioner.
Cotter v. Commissioner
Docket No. 85621.
United States Tax Court
T.C. Memo 1961-202; 1961 Tax Ct. Memo LEXIS 147; 20 T.C.M. (CCH) 1027; T.C.M. (RIA) 61202; July 7, 1961
Frank T. Andrews, C.P.A., 593 Market St., San Francisco, Calif., for the petitioners. William T. Ivey, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: Respondent determined a deficiency in petitioners' income tax for the taxable year 1955 in the amount of $13,541.73. The only *148 matter presently in controversy involves the proper tax treatment under the 1954 Code of the transfer by petitioner Ralph E. Cotter, Jr. of his undivided one-half interest in 25 acres of undeveloped farm land to a corporation, Glenhaven, Inc., in exchange for shares of the corporation's stock. The facts have been stipulated. Petitioners, husband and wife, filed their joint income tax return for the year 1955 with the district director of internal revenue, San Francisco, California. Petitioner-husband will sometimes hereinafter be referred to as Ralph. On March 4, 1955, Ralph and Lenore A. Meyer were the titleholders of 25 acres of undeveloped farm land as tenants in common, each owning an undivided one-half interest. On that day, Ralph and Lenore deeded this land to a corporation called Glenhaven, Inc., in exchange for 500 shares of the corporation's stock. Immediately following the exchange of the land for the stock, Ralph and Lenore were the owners of 80 percent of the issued shares of stock of Glenhaven, Inc., which shares possessed 80 percent of the total voting power of the corporation. No cash was paid by the corporation to either Ralph or Lenore for, or in connection with, *149 the transfer of the land to the corporation. Ralph's basis in his share of the land at the time of the exchange was $21,023.08. After the exchange, the corporation carried the land on its books at a value of $100,000. On their 1955 income tax return, petitioners reported the difference between Ralph's basis in the land ($21,023.08) and the book value of the 250 shares of stock which he received in the exchange ($50,000) as longterm capital gain. The income tax paid by petitioners for the year 1955 was $44,329.50, of which $6,602.78 was attributable to the capital gain reported on the exchange of the land for the stock. In the statutory notice of deficiency respondent determined that petitioners erroneously reported Ralph's gain on the transaction as long-term capital gain and that the gain "from the sale" of the land to the corporation was "taxable as ordinary income." In their petition to this Court petitioners allege that under the provisions of Section 351(a) of the 1954 Code [1] no gain should have been recognized on the exchange in question, that no deficiency therefore exists, and that they are entitled to a refund of tax paid attributable to the long-term capital gain which *150 they mistakenly reported on the transaction in issue. We agree with petitioners. The stipulated facts bring the exchange in the instant case squarely within the nonrecognition provisions of Section 351(a) of the 1954 Code. There was the requisite transfer of property (land) to a corporation by "one or more persons", in this case two tenants in common each of whom held an undivided one-half interest in the land transferred; only stock in the transferee corporation was exchanged for the land; and finally, immediately after the exchange the transferors together owned 80 percent of the issued stock and voting power of the corporation, which meant they were in "control" of the corporation *151 as defined in Section 368(c) of the 1954 Code. [2] In precisely such an instance, Section 351(a) directs "no gain or loss shall be recognized". Respondent's characterization of the transaction as a "sale" upon which ordinary income was realized is not supported by the record facts. On the contrary, the facts as stipulated by respondent clearly show that the transaction qualifies as a tax-free exchange under the statute and any gain thereon must be excluded from petitioners' income in 1955. Decision will be entered under Rule 50. Footnotes
1. SEC. 351. TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR. (a) General Rule. - No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c)) of the corporation. For purposes of this section, stock or securities issued for services shall not be considered as issued in return for property.↩
2. SEC. 368. DEFINITIONS RELATING TO CORPORATE REORGANIZATIONS. * * *
(c) Control. - For purposes of part I (other than section 304), part II, and this part, the term "control" means the ownership of stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote and at least 80 percent of the total number of shares of all other classes of stock of the corporation.↩